UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE MONGALO, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>CROCS, INC.,<br><br>  Defendant. | Case No. 24-cv-09037-TLT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE**<br><br>Re: Dkt. No. 15 |

The Court finds itself in familiar waters. Beneath the surface, however, are Defendant Crocs, Inc.'s new arguments that challenge Plaintiffs' allegations. Some of these arguments have bite. Plaintiffs must amend the murky allegations.

Pending before the Court is Defendant's motion to dismiss the complaint and motion to strike Plaintiffs' class allegations. ECF 15. The Court heard oral argument on Defendant's motions on April 15, 2025.

Having considered the parties' briefs, the relevant legal authority, oral argument, and for the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** the motion to dismiss and **GRANTS IN PART AND DENIES IN PART** the motion to strike.

**I.  BACKGROUND**

  **A.  Factual Allegations**

Defendant's classic and bayaband croc clogs (collectively, "Products") contain a plastic material that allegedly "shrink[s] upon exposure to ordinary heat and/or direct sunlight." ECF 1 at ¶¶ 2–3. Despite this knowledge, however, Defendant continues to market the Products as suitable for use in the ordinary heat or direct sunlight without providing a warning about shrinkage. *Id*. ¶¶

1   4; 27; 41; 63.

2         Defendant advertises its Products as "the perfect choice for gardening," "pool party,"
3   "perfect for the pool," "beach bum," and "pool" or "beach" shoes. *Id.* ¶ 29. In addition,
4   Defendant's marketing campaign portrays the Products as follows:




*Id.* ¶¶ 37, 45; *see also* ¶¶ 32–36; 42–44, 46–52. These advertisements allegedly convey that Defendant's Products are suitable for ordinary heat/direct sunlight. *Id.* ¶¶ 32–37; 42–52.

      Plaintiffs purchased Defendant's Products between 2021 and 2024. *Id.* ¶¶ 72, 80, 88, 95. All Plaintiffs saw Products' shoe sizes prior to purchase, but none saw any warning about shrinkage from use in hot or sunny environments. S*ee id*. ¶¶ 77, 85, 92, 99.

      Plaintiff Garland purchased Products from Defendant's online and in-person stores between 2021 and 2023. *Id.* ¶ 72. Plaintiff and her children wore the Products to the beach in San Diego, California, and discovered that the Products shrunk to the extent that the Products no longer fit Plaintiff or her children. *Id.* ¶ 73. Prior to purchasing the Products, Plaintiff Garland saw in-store ads and Defendant's representations that the Products were appropriate for hot and sunny conditions, including the beach. *Id.* ¶ 74.

      In 2022, Plaintiff Mongalo purchased Products from Defendant's online store and left the Products outside in regular outdoor heat. *Id.* ¶¶ 80–81. Plaintiff Mongalo, located in Pittsburg, California, discovered that the Products shrunk to the extent that they no longer fit. *Id.* ¶ 81. Prior

2

1   to purchasing the Products, Plaintiff Mongalo saw Defendant's online representations that the
2   Products were appropriate for hot environments, including direct sunlight. *Id*. ¶ 84

3   In 2024, Plaintiff Harmon purchased a Product from Defendant's Amazon store while
4   Plaintiff was in Fresno, California. *Id*. ¶ 88. Plaintiff Harmon left the product in her garage and,
5   about a month later, discovered that the Product shrunk to the extent that the Product no longer fit.
6   *Id*. ¶ 89. Plaintiff Harmon purchased the Product after seeking Defendant's marketing materials
7   that indicated that the Product was appropriate for use in hot or sunny environments. *Id*. ¶ 92.

8   From 2022 to 2023, Plaintiff Werner purchased Products from Defendant's store in
9   Ontario, California. *Id*. ¶ 95. Plaintiff Werner stored a purchased Product in a closet in his
10  vacation home in Arizona and, upon return, noticed that the Product shrunk to the extent that the
11  Product no longer fit. *Id*. ¶ 96. Prior to purchase, Plaintiff Werner saw Defendant's marketing
12  materials, including those in store, that conveyed the Products were suitable for outdoor use in hot
13  environments. *Id*. ¶ 99.

### B. Procedural History

15  On August 5, 2024, Plaintiffs Mongalo, Garland, Werner, and Harmon filed a motion to
16  intervene in *Valentine v. Crocs*. *See* 2024 WL 5340074, at *1 (N.D. Cal. Sept. 19, 2024). On
17  September 18, 2024, the Court denied Plaintiffs' motion to intervene as untimely. *Id*. at *5.

18  Approximately two months later, on December 13, 2024, Plaintiffs filed the instant class
19  complaint against Defendant alleging the following claims: (1) breach of express warranty; (2)
20  breach of implied warranty of merchantability; (3) fraudulent concealment; (4) fraud, deceit and/or
21  misrepresentation; (5) violation of the consumers legal remedies act ("CLRA"); (6) violation of
22  the false advertising, business and professions code 17500; (7) negligent misrepresentation; (8)
23  and unfair, unlawful, and deceptive trade practices. ECF 1 ¶¶ 110–191. Plaintiffs seek to
24  represent a class of "[a]ll persons who purchased, in the State of California, the Products from
25  November 22, 2018 to the present" and a direct purchase subclass of "[a]ll class members who
26  purchased the Products directly from Crocs (either online or in-person)." *Id*. ¶102.

27  On February 12, 2025, Defendant filed a motion to dismiss and a motion to strike the class
28  allegations. ECF 15. On March 12, 2025, Plaintiffs filed a timely opposition. ECF 22. On

3

1  March 13, 2025, Plaintiffs filed a corrected opposition. ECF 23. On March 25, 2025, Defendant

2  filed a timely reply. ECF 24. The Court heard oral argument on April 15, 2025. ECF 26.

## II. JUDICIAL NOTICE AND INCORPORATION BY REFERENCE

Plaintiffs seek either judicial notice or incorporation by reference of Plaintiffs' complaint in *Valentine v. Crocs*. ECF 23 at 6 n.2 (citing at *See Valentine*, No. 22-cv-07463-TLT, ECF 107-2 (copy of proposed complaint)). Defendant does not oppose Plaintiffs' request. *See generally* ECF 24.

Generally, when assessing the sufficiency of a complaint under Rule 12(b)(6), the Court may not consider materials outside of the pleadings. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Doing so would convert the motion to dismiss into a motion for summary judgment. *Id.* The two exceptions to this rule are judicial notice under Federal Rule of Evidence 201 and the incorporation by reference doctrine. *Id.*

Under FRE 201(b), "[t]he Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." "Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself." Khoja, 899 F.3d at 1002. Documents "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the Plaintiffs' claim," *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003), and "the documents' authenticity. . . is not contested," *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001)).

Because Defendants do not oppose Plaintiffs' request, and because Plaintiffs' proposed complaint is a matter of public record that is not subject to reasonable dispute, the Court GRANTS Plaintiffs' request and shall take judicial notice of the proposed (and contested) complaint. *See Dean v. St. Andre*, No. 24-cv-4187, 2024 WL 4733512, at *1 n.2 (N.D. Cal. Oct. 2, 2024) (A district court "may take judicial notice of proceedings in other courts, both within and without the federal judiciary system, if those proceedings have a direct relation to matters at issue.") (internal citations omitted); *Dutrisac v. STMicroelectronics, Inc.*, No. 23-cv-6639, 2024 WL 3646949, at *5

4

1  (N.D. Cal. Aug. 2, 2024) ("The Court takes judicial notice of its own docket because it is a matter
2  of public record not subject to reasonable dispute.").

### III. LEGAL STANDARDS

#### A. Motion to Dismiss

##### i. Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome a motion to dismiss, a Plaintiffs' "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

##### ii. Rule 9(b)

Claims sounding in fraud are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy the heightened pleading standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

"[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations and citation omitted). However, the Ninth Circuit has explained that a complaint need not allege "a precise time frame," "describe in

1   detail a single specific transaction" or identify the "precise method" by which the fraud was
2   carried out. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). The complaint must allege "the
3   who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*,
4   317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted). Additionally, the "plaintiff
5   must set forth what is false or misleading about a statement, and why it is false." *Id*. (citation
6   omitted).

### B.     Motion to Strike

Before responding to a pleading, a party may move to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to the trial." *Wang v. OCZ Tech. Grp., Inc.*, 276 F.R.D. 618, 624 (N.D. Cal. 2011) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)). Just as with a motion to dismiss, the court should view the pleading sought to be struck in the light most favorable to the nonmoving party. *Id*.

## IV.    DISCUSSION

Defendant seeks to dismiss Plaintiffs' warranty and fraud-based claims and strike Plaintiffs' class allegations. ECF 15.

### A.     Motion to Dismiss

Defendant seeks to dismiss Plaintiffs' (i) warranty claims and (ii) fraud-based claims. ECF 15 at 7–18.

#### i.     Warranty Claims

Defendant argues the complaint fails to allege pre-litigation notice for all warranty claims, a breach of express warranty, and a breach of the implied warranty for merchantability. ECF 15 at 7–18.

##### a.     Plaintiffs' Warranty Claims Fail to Sufficiently Allege Pre-Litigation Notice.

Defendant argues the complaint fails to sufficiently allege that Plaintiffs provided Defendant with timely notice of the alleged defects for Plaintiffs' warranty claims. ECF 15 at 9–10. Plaintiffs argue the complaint alleges that Crocs received notice and demand regarding the

6

1    Products' shrinkage in July 2022. ECF 23 at 6.

2          "A buyer must plead that notice of the alleged breach was provided to the seller within a

3    reasonable time after discovery of the breach." *Stearns v. Select Comfort Retail Corp.*, 763 F.

4    Supp. 2d 1128, 1143 (N.D. Cal. 2010).

5          Here, the Court finds the complaint fails to sufficiently allege that Plaintiffs provided

6    Defendant with notice of Defendant's alleged breach. Although the complaint alleges that "[i]n

7    July of 2022, Defendant received a notice and demand," the complaint fails to allege facts

8    demonstrating that Plaintiffs were the ones who provided Defendant with this notice. *Compare*

9    *Kulesa v. PC Cleaner Inc.*, No. 12-cv-725, 2012 WL 12886844, at *8 (C.D. Cal. Oct. 12, 2012)

10   (finding plaintiff failed to sufficiently allege pre-litigation notice where plaintiff pled "no facts

11   demonstrating *she* provided any notice of the alleged breach to the seller within

12   a reasonable time after discovering the alleged breach.") (emphasis added) *with Freedline v. O*

13   *Organics LLC*, 445 F. Supp. 3d 85, 92 (N.D. Cal. 2020) ("[Plaintiff] sent a pre-suit demand letter

14   for the CLRA claims, which effectively apprised [defendant] of the grounds for the warranty

15   claims. Indeed, the complaint fails to allege the circumstances surrounding Plaintiffs' pre-

16   litigation notice to Defendant.").

17         Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' warranty

18   claims to the extent Defendant argue the complaint fails to sufficiently allege pre-litigation notice.

19/20         b. The Complaint Sufficiently Alleges an Express Warranty Based on Defendants' Advertisements, but Fails to Sufficiently Allege an Express Warranty Based on the Products' Size Labeling.

21   Defendant argues the complaint fails to identify a specific and unequivocal statement that

22   promised the Products would not shrink. ECF 15 at 8. Plaintiffs argue the complaint alleges

23   Defendant's advertisements and the Products' shoe sizes made that promise. ECF 23 at 4–5.

24   Plaintiffs assert Defendant's advertisements expressly promised that the Products were "pool

25   party," "perfect for the pool," "perfect for the garden," "beach bum," "water and swim shoes," and

26   "pool" or "beach" shoes suitable for use in hot and/or sunny environments. *Id*. at 4. Plaintiffs also

27   argue that the shoe size expressly warrants that the shoes will remain their advertised size in

28   ordinary heat. *Id*. at 5.

7

"To prevail on a claim for breach of express warranty, a plaintiff must show (1) the seller's statements constitute an affirmation of fact or promise or a description of the goods; (2) the statement was part of the basis of the bargain; and (3) the warranty was breached." *Cimoli v. Alacer Corp.*, 546 F. Supp. 3d 897, 904 (N.D. Cal. 2021) (citing *Weinstat v. Dentsply Int'l, Inc.*, 180 Cal. App. 4th 1213, 1227 (2010)); *see* Cal. Com. Code § 2313.

Consistent with this Court's order granting in part and denying in part Defendant's motion to dismiss in *Valentine v. Crocs*, the Court finds that "[p]roduct advertisements can be part of an express warranty." No. 22-cv-7463, 2023 WL 12015530, at *4 (N.D. Cal. Apr. 28, 2023). The Court also finds that Defendants' advertisements that warrant the Products were suitable for the pool, beach, and garden "plausibly plead that an express warranty was created that the Crocs shoes remain wearable when exposed to ordinary heat, direct sunlight, and/or water." *Id*. at *5; *cf. Shin v. Sanyo Foods Corp. of America*, 348 F.R.D. 477, 487 (C.D. Cal. 2025) ("Normally, for express warranty claims, '[p]roof of reliance on specific promises or representations is not required.'") (internal quotations omitted).

To the extent the complaint alleges an express warranty claim based on the Products' size, however, the Court has already found that an express warranty claim based on the Product's size requires an allegation that the Product was defective *at the time of purchase*. *See Valentine v. Crocs*, No. 22-cv-7463, 2025 WL 1675669, at *6 (N.D. Cal. May 19, 2025). Because the Complaint does not allege a defect at the time of purchase, the complaint fails to allege an express warranty claim based on the Product's size.

Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiffs' express warranty claims to the extent the claims are based on Defendants' advertisements. However, the Court GRANTS Defendant's motion to dismiss Plaintiffs' express warranty claims to the extent the claims are based on the Products' size labeling.

   c. The Complaint Sufficiently Alleges Implied Warranty Claims Except to the Extent the Claims Involves Vertical Privity for Plaintiff Garland.

Defendant argues the complaint fails to allege the Products either lack the most basic degree of fitness to be used as shoes or do not meet the minimum level of quality for polymeric

8

shoes. ECF 15 at 9. Defendant also argues that the complaint fails to sufficiently allege vertical privity for Plaintiff Garland. *Id*. Plaintiffs argue that the complaint sufficiently alleges that the shoes' design flaw defeated the fundamental purpose of the products. ECF 23 at 6. Plaintiffs fail to address Defendant's vertical privity argument. *See generally* ECF 23.

"A plaintiff claiming breach of implied warranty must show that the product did not possess even the most basic degree of fitness for ordinary use." *Torres v. Nissan N. Am. Inc.,* No. 15-CV-1503251, 2015 WL 5170539, at *3 (C.D. Cal. Sept. 1, 2015). Vertical privity is an essential element for an implied warranty claim under California law, but there are exceptions to the requirement. *Clemens v. DaimlerChrysler Corp*., 534 F.3d 1017, 1023–24 (9th Cir. 2008)

Here, the complaint alleges the Products fell "below a minimum level of quality for ordinary use as shoes" because the Products "shrink if exposed to ordinary amounts of sun and/or, heat." ECF 1 ¶ 26. Each plaintiff alleges that the Products shrunk to the extent that the Products no longer fit. *Id*. ¶¶ 78, 81, 89, 96. Also, "ordinary shoes do not shrink in size (and reasonable consumers do not expect shoes to shrink)." *Id*. ¶ 67. The Court finds that these allegations sufficiently allege that the Products lacked a basic degree of fitness and did not meet the minimum level of quality for similar shoes. *See Klaehn v. Cali Bamboo LLC*, 2021 WL 5549226 (S.D. Cal. Jan. 22, 2021) ("Plaintiffs' allegation that the Product was not fit for its ordinary purposes, while conclusory, is supported by additional factual allegations, including that the Product warped, split, shrank, and splintered.").

Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiffs' implied warranty claims to the extent Defendant argues the Products fell below lacked a basic degree of fitness and did not meet the minimum level of quality for similar shoes. However, because Plaintiffs fail to address Defendant's vertical privity argument, the Court GRANTS Defendant's motion to dismiss Plaintiffs' implied warranty claims to the extent the claims involve Plaintiff Garland. *See Knan v. Rocket Mortgage, LLC*, No. 24-cv-1095, 2024 WL 4444479, at *2 (C.D. Cal. Apr. 26, 2024) ("[W]hen a plaintiff fails to respond to a motion to dismiss a claim, a court may conclude that the plaintiff has abandoned that claim without addressing the merits of the motion.").

### ii. Fraud-Based Claims

Defendant argues Plaintiffs' fraud-based claims (a) fail to meet the heightened pleadings standard of Rule 9(b); (b) contain inactionable omissions claims; and (c) fail because a reasonable consumer would not have believed that the Products are incapable of shrinking. ECF 15 at 10–18.

#### a. The Complaint Fails to Sufficiently Allege Misrepresentations Under Rule 9(b)

Defendant argues that the complaint fails to sufficiently allege Defendant's misrepresentations under Rule 9(b). ECF 15 at 11–13. Plaintiff argues that the complaint alleges that each Plaintiff saw advertisements that indicated the Products were appropriate for hot or sunny environments. ECF 23 at 8.

Here, the complaint simply alleges that each plaintiff saw Defendant's ads, marketing materials, or online representations that the Products are suitable for hot or sunny environments. ECF 1 ¶¶ 74, 84, 92, 99. Although the complaint provides the general time frames for when Plaintiffs saw the misrepresentations, the complaint fails to allege "what" ads, marketing materials, or online representations that Plaintiffs actually saw and "where" the alleged representations were seen. *See Valentine*, 2024 WL 5340072, at *4 ("The allegations do not provide the exact date and time of advertisement exposure. However, such level of exactness is not required."); *Valentine*, 2023 WL 12015530, at *7 ("Regarding the 'what,' Plaintiffs have not alleged the specific advertisements they were exposed to. Even though Plaintiffs attached some of Crocs' advertisements, the attached advertisements do not contain the alleged misrepresentations that Plaintiffs alleged they were exposed to."); *see also Young v. Cree, Inc.*, No. 17-cv-06252, 2018 WL 1710181, at *6 (N.D. Cal. Apr. 9, 2018) ("In a deceptive advertising case involving allegations of fraud, 'Rule 9(b) requires that the plaintiff(s) identify specific advertisements and promotional materials; allege when the plaintiff(s) were exposed to the materials; and explain how such materials were false or misleading.'").

Accordingly, the Court GRANTS Defendant's motion to dismiss Plaintiffs' fraud-based claims to the extent Defendant argues the claims fail to sufficiently allege Defendant's misrepresentations under Rule 9(b). Because the Court finds that the complaint fails to allege Plaintiffs' fraud claims with sufficient particularity concerning the "what" and "where" of

1  Defendant's alleged misrepresentations, the Court need not address whether Plaintiffs alleged an
2  actionable misrepresentation.

       b. The Complaint Sufficiently Alleges a Duty to Disclose for Plaintiffs' Omissions Fraud-Based Claims.

  Defendant argues the complaint fails to allege that Defendant had a duty to disclose the alleged defect. ECF 15 at 15–16. Plaintiff argues the complaint sufficiently alleges that Defendant had exclusive knowledge of the defect and because Defendant made a partial representation that was misleading. ECF 23 at 10.

  "A failure to disclose a fact can constitute actionable fraud or deceit in four circumstances: (1) when the defendant is the Plaintiffs' fiduciary; (2) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations that are misleading because some other material fact has not been disclosed." *Collins v. eMachines, Inc*., 202 Cal. App. 4th 249, 255 (Cal. Ct. App. 2011).

  The Court finds that complaint sufficiently alleges that Defendant had exclusive knowledge to warrant a duty to disclose. Notably, the complaint alleges that Defendant was "deeply familiar with the chemical properties of Croslite and invests in research and development efforts as to the materials it uses for its products." ECF 1 ¶ 65. Making all reasonable inferences in favor of Plaintiffs, this allegation is enough to infer that Defendant had exclusive knowledge concerning chemical properties of Croslite and, therefore, shrinkage of Defendant's products. *See Zurba v. FCA US LLC*, No. 21-cv-1824, 2022 WL 17363073, at *5 (C.D. Cal. Nov. 10, 2022) ("The Court disagrees with FCA that a 'public' recall defeats any showing of FCA's superior knowledge sufficient to create a duty to disclose. . . What is required, rather, is that FCA had knowledge of any putative defect *superior* to that of ordinary customers."). Moreover, Defendant allegedly received thousands of complaints regarding the shrinkage problems and is aware of customer complaints posted on Defendant's website. *Id.* ¶ 63. The Court finds that these allegations are sufficient to allege a duty to disclose. *See Kavehrad v. Vizio, Inc*., No. 21-cv-1868, 2023 WL 2558535, at *7 (C.D. Cal. Jan. 26, 2023) ("Reading Plaintiffs' allegations about the

11

1    number of complaints in various forums and VIZIO's monitoring of those forums in the light most

2    favorable to Plaintiffs. . .the inference that VIZIO had knowledge superior to that of ordinary

3    consumers is plausible."). Because these allegations are sufficient to give rise to the duty to

4    disclose, the Court need not address Defendant's partial misrepresentation argument.

5          Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiffs' fraud-based

6    claims to the extent Defendant argues that the omissions claims are inactionable.

         c.   Determining What a Reasonable Consumer Would Have Believed is Premature at on a Motion to Dismiss.

      Defendant argues that a reasonable consumer would not be deceived into believing that the Products are incapable of shrinking regardless of how much heat and sunlight the Products are exposed to. ECF 15 at 16–17. Plaintiffs argue Defendant misconstrues the complaint's reasonable consumer allegations and what a reasonable consumer would have believed at this stage of the litigation is premature. ECF 23 at 14–15.

      The Court agrees that answering the reasonable consumer question on a motion to dismiss is premature. The complaint alleges that "[r]easonable consumers expect that shoes will remain the same size as at purchase and that ordinary exposures to hot environments, including direct sunlight will not affect the size of a shoe." ECF 1 ¶ 133. Interpretation of Defendant's advertisements is a factual dispute and "an issue that is not appropriate for resolution on a motion to dismiss." *Prescott v. TC Heartland, LLC*, No. 23-cv-04192, 2024 WL 3463826, at *7 (N.D. Cal. July 18, 2024).

      Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiffs' fraud-based claims to the extent the claims are based on the reasonable consumer test.

**B.  Motion to Strike**

Defendant moves to strike Plaintiffs' class allegations based on (i) lack of article III standing; (ii) the Court's prior denial of class certification in *Valentine*; and (iii) the proposed class period exceeding the statute of limitations. ECF 15 at 18–24.

      **i.  Plaintiffs Sufficiently Allege Injury for Article III Standing.**

Defendant argues that Plaintiffs fail to allege a concrete and particularized injury for

12

1  Article III standing. ECF 15 at 19–20. Defendant asserts that allegations concerning overpayment
2  are hypothetical because the manifestation of the defect will depend on how the consumer uses the
3  Products. *Id*. at 20. Plaintiffs argue that Plaintiffs' Products shrunk, and that Plaintiffs overpaid
4  for the Products. ECF 23 at 20 n.9.

5  The Court finds that the complaint sufficiently alleges an injury for Article III standing.
6  The Ninth Circuit has "consistently recognized that a plaintiff can satisfy the injury in fact
7  requirement by showing that she paid more for a product than she otherwise would have due to a
8  defendant's false representations about the product." *McGee v. S-L Snacks Nat'l*, 982 F.3d 700,
9  706 (9th Cir. 2020). Here, the complaint alleges that each plaintiff would have either not paid or
10 paid less for the Products had they known that the Products would have [shrunk]. ECF 1 ¶¶ 78,
11 86, 93, 100. Moreover, each of the Plaintiff alleges that their Products shrank to the point where
12 the Product no longer fit. *See* ECF 1 ¶¶ 78, 81, 89, 96. Given the stage of this litigation, and
13 because the Court must accept all factual allegations as true, the Court finds the complaint
14 sufficiently alleges Article III standing. *See Manzarek*, 519 F.3d 1025 at 1031.

### ii. The Court's Denial of Class Certification in *Valentine v. Crocs* Does Not Preclude Plaintiffs' Current Class Allegations.

Defendant argues the Court should strike Plaintiffs' class allegations because this Court
has already denied certification in *Valentine v. Crocs*. ECF 15 at 21. Defendant argues that
Plaintiffs in this litigation will likely share similar difficulties in meeting Rule 23(a)'s
requirements. *Id*. at 22–23. Plaintiffs argues that the Court's denial of class certification is not
binding, and that the denial was based on deficiencies specific to the *Valentine* Plaintiffs. ECF 23
at 16.

The Court agrees that, at on a motion to dismiss, the Court's prior denial of class
certification in *Valentine* does not preclude Plaintiffs from seeking class certification in the instant
case. "Neither a proposed class action nor a rejected class action may bind nonparties*." Smith v.
Bayer Corp*., 564 U.S. 299, 315 (2011). Discovery into these Plaintiffs have yet to commence,
and striking class allegations at this stage would be premature. *See Vinole v. Countrywide Home
Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) ("Our cases stand for the unremarkable proposition

that often the pleadings alone will not resolve the question of class certification and that some discovery will be warranted.")  Moreover, during oral argument, Plaintiffs' counsel indicated that the evidence would show that Plaintiffs' Products shrank in ordinary conditions.  ECF 28 at 35:24–25 ("These shoes shrank when exposed to elevated temperatures in normal conditions."); 36:6–9 ("[T]hese shoes get worn in sunny, warm conditions.  It's not like you have to put these shoes in an oven and turn it up to 500 degrees ….")

Accordingly, the Court finds that its prior denial of class certification in Valentine does not preclude Plaintiffs' class allegations.

### iii. Plaintiffs' Proposed Class Period Encompasses a Time Period in Excess of the Maximum Statute of Limitations Period.

Defendant argues the complaint's proposed class period of November 22, 2018 to the present improperly exceeds the maximum four year statute of limitations under the UCL and three year statute of limitations for CLRA, FAL, fraud, and negligent misrepresentation claims.  ECF 15 at 24–25.  Plaintiffs seek to Plaintiffs seek to represent a class of "[a]ll persons who purchased, in the State of California, the Products from November 22, 2018 to the present" and a direct purchase subclass of "[a]ll class members who purchased the Products directly from Crocs (either online or in-person)."  ECF 1 ¶102.  Although Plaintiffs' opposition argues that striking the class allegations at this juncture would be premature, ECF 23 at 23–24, Plaintiffs conceded during oral argument that a class period beginning December 13, 2020 would be "[n]o problem."  ECF 28 at 40:3–8.

The Court acknowledges that defendants are generally not allowed "use their motion to strike to assert arguments about the temporal scope of Plaintiffs' proposed collectives."  *Forsyth v. HP Inc.*, No. 16-cv-4775, 2020 WL 6081719, at *5 (N.D. Cal. Oct. 15, 2020).  However, given Plaintiffs' concession to a class period that begins December 13, 2020, and because a class period that begins on November 22, 2018 rather than December 13, 2020 is facially invalid, the Court GRANTS Defendant's motion to strike the proposed class period to the extent the class period encompasses a time beyond 4 years from the filing of this action.  *See Ramirez v. Baxter Credit Union*, No. 16-cv-3766, 2017 WL 1064991, at *8 (N.D. Cal. Mar. 21, 2017) (granting motion to strike class period because the "proposed class period dating back to August 15, 2010 for a cause

1    of action with a one-year limitations period is facially invalid"). The Court will review the class

2    period at class certification. Accordingly, Defendant's motion to strike is granted and Plaintiffs

3    shall amend their proposed class from "November 22, 2018 to the present" to "December 13,

4    2020" to the present.

### V. LEAVE TO AMEND

Pursuant to Rule 15(a)(2), A party may amend its pleadings with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id*. This policy is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (internal citation omitted). The Supreme Court has outlined five factors to consider in deciding whether leave to amend is warranted: (1) bad faith on the part of the movant, (2) undue delay by the movant, (3) repeated amendments by the movant, (4) undue prejudice to the nonmovant, and (5) futility of the proposed amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Amendment need not be permitted when it would be futile—that is, when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Invenergy Thermal LLC v. Watson*, 2024 WL 5205745, at *3 (9th Cir. 2024) (internal quotation omitted).

The Court finds that prejudice to Defendant would be minimal. After considering the remaining Rule 15 factors, and in an abundance of caution, the Court finds the presumption in favor of granting Plaintiffs leave to amend their warranty and fraud claims applies. *See Snow v. Corizon Healthcare*, 842 F. App'x. 135, 135 (9th Cir. 2021) (holding "dismissal without leave to amend . . . premature because it is not absolutely clear that any deficiencies could not be cured by amendment.") (internal quotations omitted). The Court also grants Plaintiffs leave to amend their class allegations to reflect a proposed class period date of December 13, 2020 to the present.

Plaintiffs may not plead new claims. Should the scope of any amendment exceed the leave to amend granted by this order, the Court will strike the offending portions of the pleading under Rule 12(f). *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous

matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.").

## VI. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED IN PART AND DENIED IN PART** and Defendant's motion to strike is **GRANTED IN PART AND DENIED IN PART**.

The Court GRANTS Defendant's motion to dismiss Plaintiffs' warranty claims to the extent Defendant argue the complaint fails to sufficiently allege pre-litigation notice.

The Court DENIES Defendant's motion to dismiss Plaintiff's express warranty claims to the extent the claims are based on Defendants' advertisements. However, the Court GRANTS Defendant's motion to the extent Plaintiffs' claims are based on the Products' size labeling.

The Court DENIES Defendant's 12(b)(6) motion to dismiss Plaintiffs' implied warranty claim to the extent Defendant argues the Products fell below lacked a basic degree of fitness and did not meet the minimum level of quality for similar shoes. However, the Court GRANTS Defendant's motion to the extent Defendant argues lack of vertical privity for Plaintiff Garland.

The Court GRANTS Defendant's motion to dismiss Plaintiffs' fraud-based claims to the extent Defendant argues the claims fail to sufficiently allege Defendant's misrepresentations under Rule 9(b). The Court DENIES Defendant's motion to the extent Defendant argues the complaint fails to allege a duty to disclose, that Plaintiffs' omissions claims are inactionable, and that a reasonable consumer would not have been deceived.

The Court DENIES Defendant's motion to strike to the extent Defendant argues the complaint fails to allege article III standing and that the Court's denial of class certification in Valentine precludes Plaintiffs' class allegations. However, the Court GRANTS Defendant's motion to the extent that Plaintiffs' proposed class period exceeds the applicable statute of limitations. Plaintiffs shall amend their proposed class from "November 22, 2018 to the present" to "December 13, 2020 to the present."

Plaintiffs shall file an amended complaint consistent with this order **no later than July 9,**

1 **2025.** No new claims or parties may be added without the Court's prior approval. A failure to
2 meet this deadline will result in dismissal with prejudice under Federal Rule of Civil Procedure
3 41(b).
4     The matter is set for Initial Case Management Conference on **August 7, 2025**. A joint case
5 management conference statement is due **no later than July 31, 2025**.
6     This Order resolves ECF 15.
7     IT IS SO ORDERED.
8 Dated: June 20, 2025

_____
TRINA L. THOMPSON
United States District Judge

12/31/27

17