UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE MONGALO, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>CROCS, INC.,<br><br>Defendant. | Case No. 24-cv-09037-TLT<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS**<br><br>Re: Dkt. No. 36 |

Three weeks after the Court's dismissal Order filed on June 20, 2025, Plaintiffs Jacqueline Mongalo, Chelsea Garland, Philip Werner, and Melissa Harmon (collectively, "Plaintiffs") refiled a complaint which allayed some, but not all, of the Court's concerns.

Plaintiffs filed their first amended complaint against Crocs, Inc. ("Defendant) on July 9, 2025, for (1) fraudulent concealment fraud, deceit, and/or misrepresentation; (2) violation of the Consumer Legal Remedies Act; (3) false advertising; (4) negligent misrepresentation; (5) unfair, unlawful, and deceptive trade practices; (6) breach of express and implied warranties; and (7) violation of the Magnuson-Moss Warranty Act.

Having considered the parties' briefs, the relevant legal authority, and for the reasons below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' motion to dismiss Plaintiffs' amended complaint.

## I.   BACKGROUND

### A.   Procedural History

This case commenced not with the filing of a complaint, but with a motion to intervene in the related case *Valentine v. Crocs* on August 5, 2024. *See Valentine v. Crocs*, No. 22-cv-07463, ECF 107. Plaintiffs had attempted to intervene in the case after they read Defendant's opposition to the *Valentine* plaintiffs' motion to certify class and felt that the Court may deny *Valentine*

1    plaintiffs' motion to certify class. ECF 126 at 5. The Court denied the *Valentine* plaintiffs'

2    motion to intervene with prejudice. ECF 126 at 8. The Court also denied the *Valentine* plaintiffs'

3    motion for class certification on October 16, 2024. ECF 150. The plaintiffs in *Valentine* filed a

4    Rule 23(f) petition to the Ninth Circuit, which the Ninth Circuit denied on January 23, 2025. ECF

5    170.

6          Plaintiffs filed the instant complaint on December 13, 2024, alleging (1) breach of express

7    warranty; (2) breach of implied warranty of merchantability, Cal. Com. Code § 2314; (3)

8    fraudulent concealment; (4) fraud, deceit, and/or misrepresentation; (5) violation of the Consumers

9    Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750; (6) violation of the False Advertising Law

10   ("FAL"), Cal. Bus. & Prof. Code § 17500, et. seq.; (7) negligent misrepresentation; (8) Unfair,

11   Unlawful, and Deceptive Trade Practices, Cal. Bus. & Prof. Code § 17200, et. seq. ECF 1

12   (Compl.").

13         Plaintiffs filed an administrative motion to consider whether the cases should be related on

14   January 6, 2025, which the Court granted on January 17, 2025. ECF 168, 169. Because the Court

15   had denied *Valentine* plaintiffs' motion for class certification, the Court ordered the *Mongalo*

16   plaintiffs to "proceed . . . on an individual basis." ECF 14 at 2.

17         Defendant filed a motion to dismiss and, in the alternative, to strike class allegations on

18   February 12, 2025. ECF 15. Plaintiffs failed a timely opposition, and Defendant filed a timely

19   reply. ECF 23, 24. The Court held oral arguments on Defendants' motion to dismiss and/or strike

20   the complaint on April 15, 2025. ECF 26. On June 20, 2025, the Court issued an order granting

21   in part and denying in part Defendant's motion to dismiss and/or strike the complaint. ECF 30.

22         Plaintiffs claim of (1) breach of express warranty based on Defendant's advertisements, (2)

23   implied warranty claim that Defendant's products fell below a basic degree of fitness and

24   minimum quality, and (3) fraud claim based on Defendant's duty to disclose were permitted to

25   proceed. *Id.* at 16. The Court permitted Plaintiffs to file an amended complaint to cure

26   deficiencies in Plaintiffs' complaint claims. *Id.*

27         Plaintiffs timely filed their First Amended Class Action Complaint ("FAC") on July 9,

28   2025. ECF 33.

Before the Court is Defendant's motion to dismiss the FAC filed on July 23, 2025. ECF 36. Plaintiffs timely opposed the motion on August 6, 2025. ECF 42. Defendant replied on August 13, 2025. ECF 45.

**B.    Factual Background**

Defendant Crocs Inc. is a shoe manufacturer and seller that is incorporated under the laws of the state of Delaware and has its principal place of business in Broomfield, Colorado. Compl. ¶ 18. Plaintiffs Mongalo, Garland, Werner, and Harmon are California consumers who purchased products manufactured by Defendant Crocs between 2021 and 2024. *Id*. ¶¶ 76, 92, 97.

Mongalo purchased two new pairs of Crocs Classic Clogs and a pair of Classic Clogs (kids) from Crocs' online store in 2022 from her home in Pittsburg, California. Compl. ¶ 81. Mongalo purchased the Crocs shoes based on representations that they were appropriate for "outdoor use in sunny, warm weather." *Id.* ¶ 86. When she left the shoes outside in "regular outdoor heat" she later discovered that the shoes had shrunk and/or warped to the "point where they no longer fit." *Id.* ¶ 90.

Garland purchased Crocs Classic Clog shoes and Class Clogs (toddlers) for her son and daughter in San Diego, California between 2021 and 2023. *Id.* ¶ 73. She shopped in the Crocs store and on the Crocs website. *Id.* In-store and television ads showed shoes on beaches. *Id.* ¶¶ 51–53. Garland purchased the shoes relying on Defendant's visual representations that the shoes were suitable for use at the beach. *Id.* ¶ 77. Shortly after she and her children wore the Crocs on the beach, she discovered that they had shrunk and/or warped to the "point where they no longer fit her and her children." *Id.* ¶79.

Similarly, Harmon purchased a pair of Baya Clogs from Crocs' Amazon store while she was in Fresno, California in 2024. *Id.* ¶ 89. Harmon purchased the shoes after she saw Defendant's ads that indicated the shoes were "appropriate for outdoor use in hot environments, including direct sunlight" and did not see any warnings to the contrary. *Id.* ¶ 93. She left the Baya Clogs in a hot garage for about a month and then discovered that they had shrunk and/or warped so that they "no longer fit" her. *Id.* ¶ 84.

Finally, Werner purchased two pairs of Classic Clogs from Crocs' stores in Ontario,

California between 2022 and 2023. *Id.* ¶ 96. Werner purchased the Crocs based on Defendant's marketing materials that indicated the shoes were appropriate for outdoor use in hot environments. *Id.* ¶ 900. After purchasing the Crocs, stored his Classic Clogs in a hot closet in Arizona without air conditioning. *Id.* ¶ 97. His Crocs shrunk to the point that they no longer fit. *Id.* ¶ 98.

Each Plaintiff alleges that they purchased Crocs after they saw Defendant's marketing materials, which represented that the Crocs were appropriate for hot and/or sunny conditions, and also failed to disclose or otherwise warn customers that the shoes would shrink in hot environments. *Id.* ¶ 76, 77, 85, 92, 99, 100. Defendant advertised Crocs as "perfect for the pool" and "Comfortable water and swim shoes." *Id.* ¶ 4. They also advertised that they were "perfect for the garden." *Id.* ¶ 5. Ads for Crocs included pictures of Crocs on a "hot, sunny beach," in a "hot, sunny desert," and even have a "tropical collection" that suggests the shoes are "appropriate for sunny, tropical environments. *Id.* ¶ 33, 43 35, 36. Plaintiffs further allege that had they known that normal use would cause shrinkage, they would not have purchased the shoes, or they would have paid less for them. *Id.* ¶ 79, 87, 94, 101.

Crocs are made of a foam called Croslite, which "is a foamable ethylene vinyl acetate along with polyolefin elastomer." *Id.* ¶ 55. Plaintiffs allege that Croslite contracts upon exposure to heat and/or sunlight over time, which causes products made of Croslite to "shrink or warp, including, without limitation, to the point they no longer fit." *Id.* ¶ 56. The following Crocs are alleged to be defective: Classic Clog, Classic Clog (kids), Classic Clog (toddlers), Classic Tie Dye Clog, Bayaband Clog, and Baya Clog (collectively, "Products"). *Id.* ¶ 2.

Plaintiffs allege one class and one subclass:

> **Class**: All persons who purchased, in the state of California, the Products from December 13, 2020 to the present.
>
> **Direct Purchase Subclass**: All Class Members who purchased the Products directly from Crocs (either online or in-person).

*Id.* ¶ 106. The Court notes that this class and subclass is identical to the class and subclass that the Court already denied in *Valentine v. Crocs*, 2024 WL 5339457, at *3 (N.D. Cal. Oct. 16, 2024).

## II.   LEGAL STANDARD

### A.   Motion to Dismiss

#### i.   Rule 12(b)(6)

Pursuant to Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To overcome a motion to dismiss, a Plaintiffs' "factual allegations [in the complaint] 'must . . . suggest that the claim has at least a plausible chance of success.'" *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). The Court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). However, "conclusory allegations of law and unwarranted inferences are insufficient to avoid a Rule 12(b)(6) dismissal." *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).

#### ii.   Rule 9(b)

Claims sounding in fraud are subject to the heightened pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure, which requires that a plaintiff alleging fraud "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). To satisfy the heightened pleading standard, the allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

"[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (internal quotations and citation omitted). However, the Ninth Circuit has explained that a complaint need not allege "a precise time frame," "describe in detail a single specific transaction" or identify the "precise method" by which the fraud was carried out. *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). The complaint must allege "the

1  who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*,

2  317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted). Additionally, the "plaintiff

3  must set forth what is false or misleading about a statement, and why it is false." *Id*. (citation

4  omitted).

### III. DISCUSSION

The Court previously dismissed (1) Plaintiffs' fraud-based claims based on alleged misrepresentation under Rule 9(b); (2) Plaintiffs' warranty claims based on failure to sufficiently allege pre-litigation notice; (3) Plaintiffs' warranty claims based on the Products' size labeling; and (4) Plaintiffs' warranty claims for lack of vertical privity for Plaintiff Garland.  ECF 30 at 16. The Court granted Plaintiffs leave to amend and cure the deficiencies in their complaint. *Id.* at 16–17.

Defendant seeks to dismiss Plaintiffs' amended fraud-based claims and warranty claims arguing that (1) Plaintiffs Motion to Intervene and proposed complaint in the related *Valentine* action cannot serve as pre-litigation notice for their breach of warranty claims; (2) Plaintiffs' warranty claims still rely on allegations the Court rejected in the Court's June 20, 2025 dismissal order; and (3) Plaintiffs' reliance on the shoes' size representation in their purchase is insufficient to support their fraud-based claims.  ECF 36 at 1.

Plaintiffs argue that (1) Plaintiffs satisfy the pre-suit notice requirement to proceed on their warranty claims; (2) Plaintiffs' warranty claims relate only to the advertisements, not shoe size representations; and (3) Defendant waived its argument about Plaintiffs' misrepresentation claim based on size by failing to raise the issue in its initial 12(b)(6) motion, but that Plaintiffs, nonetheless, satisfy the Rule 9(b) pleading standard by alleging that Crocs represented a shoe size on the Products and Product webpages at purchase during the class period which was misleading because the Products do not retain their represented size in hot environments, including direct sunlight, ECF 33 ¶¶ 41, 142; ECF 42 at 1–2.

### A. Plaintiffs' Amended Complaint Fails to Allege Breach of Express Warranty Claims, but Sufficiently Alleges Breach of Implied Warranty

Defendant argues that Plaintiffs warranty claims should be dismissed because (1) Plaintiffs

1  failed to provide adequate pre-litigation notice and (2) the Amended Complaint fails to sufficiently
2  allege an express warranty based on the Products' size labeling. ECF 45 at 10–13.
3      Plaintiffs argue that (1) Plaintiffs provided adequate pre-suit notice when they provided
4  Defendant a copy of their proposed Complaint in connection with the *Valentine* litigation and (2)
5  Plaintiffs no longer intent to pursue the express warranty claim based on shoe size. ECF 42 at 14–
6  17.

### i.   Plaintiffs' Warranty Claims Sufficiently Alleges Pre-Litigation Notice

Defendant argues that Plaintiffs did not provide sufficient pre-suit notice as required to bring a breach of warranty claim under the California Commercial Code. ECF 36 at 10. Plaintiffs argue that their proposed complaint filed in conjunction with their motion to intervene in the *Valentine* matter provided sufficient notice of the instant action. ECF 42 at 15.

Under the California Commercial Code, a buyer must, "within a reasonable time after he or she discovers or should have discovered any breach, notify the seller of breach or be barred from any remedy." Cal. Comm.Code § 2607(3)(A). Courts have interpreted this provision as requiring a plaintiff asserting warranty claims to have provided the seller with pre-suit notice before instituting a lawsuit. *See, e.g., Alvarez v. Chevron Corp.,* 656 F.3d 925, 932 (9th Cir. 2011) ("To avoid dismissal of a breach of contract or breach of warranty claim in California, '[a] buyer must plead that notice of the alleged breach was provided to the seller within a reasonable time after discovery of the breach.'" (citation omitted)). The purpose of this rule is to "allow the seller the opportunity to repair the defective item, reduce damages, avoid defective products in the future, and negotiate settlements." *Cardinal Health 301 v. Tyco Electronics Corp.,* 169 Cal.App. 4th 116, 135 (2008). Given the purpose of the rule, courts have expressly held that the notice must be provided before the lawsuit—notice that is after, or contemporaneous with, the filing of the lawsuit is insufficient. *See Alvarez,* 656 F.3d at 932.

In the *Valentine* action Plaintiff Cornejo sent a letter to Defendant on or about July 17, 2022, informing it of the defect and its violation of the Magnusson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq., Song-Beverly Consumer Warranty Act, California Civ. Code §§ 1790, et seq., California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, et seq. ("UCL"), False

1   Advertising Law, Cal. Bus. & Prof. Code §§ 17500, et seq. ("FAL"), the Consumers Legal

2   Remedies Act, Cal. Civil Code §§ 1750, et seq. ("CLRA"), and California's common law of

3   express and implied warranty, negligent misrepresentation and/or omission, and has been unjustly

4   enriched, in connection with its labeling, advertising, marketing, and sale of Crocs® shoes.  This

5   letter was sent four months before the commencement of the litigation.  Plaintiffs' proposed

6   complaint filed on August 5, 2024, in connection with a motion to intervene in the related

7   *Valentine* action performs the same function as the demand letter sent to Defendants in July 2022.

8   The complaint laid out, in detail, the claims and factual allegations to support those claims

9   sufficient to give Defendant an opportunity "to repair the defective item, reduce damages, avoid

10  defective products in the future, and negotiate settlements." *Cardinal Health 301, Inc. v. Tyco*

11  *Elecs. Corp.*, 169 Cal. App. 4th 116, 135 (2008)

12  Defendants assert that, upon Plaintiffs' clarification that Plaintiffs intent to pursue implied

13  warranty claims regarding design defects and not manufacturing defects, their only reason for

14  dismissing the implied warranty claim is the lack of pre-suit notice.  ECF 45 at 13 n.1.  Thus,

15  Defendant's challenge to Plaintiffs' implied warranty claim on those grounds alone is insufficient

16  to warrant dismissal.

17  Accordingly, the Court finds that Plaintiffs have alleged pre-litigation notice in compliance

18  with the California Commercial Code.

### ii. The Complaint Fails to Sufficiently Allege an Express Warranty Based on the Products' Size Labeling

Defendant argues that Plaintiffs' express warranty claim fails because the Amended Complaint still does not allege a defect in the shoe size representation at the time of purchase. ECF 36 at 15.  Plaintiffs argues that they do not intend to pursue their express warranty claim with respect to shoe size.  ECF 42 at 17.  The Court notes that Plaintiffs did not eliminate such claims from their FAC.  FAC ¶ 9; *see, e.g.*, FAC ¶¶ 25, 109(b), 119.  However, the Court treats the Plaintiffs statement of intent to drop their express warranty claim regarding the shoe size representations as a voluntary withdrawal of those claims.  To the extent Plaintiffs seek to pursue their express warranty claim based on advertisements as opposed to shoe size representation, the

8

1   Court previously dismissed those claims, and Plaintiffs provide no additional evidence to support

2   a contrary finding.  ECF 30.  Accordingly, the Court dismisses Plaintiffs express warranty claims.

### B. Plaintiffs' Fraud-Based Claims Do Not Satisfy the Pleading Standard Under Rule 9(b)

First, Plaintiffs argue that Defendant's arguments about fraud should be waived for failure to raise them in their initial motion to dismiss.  ECF 42 at 5.  Defendants argue that Plaintiffs amendment of the complaint with respect to their fraud claim based on shoe size opens the door for Defendant to challenge the claim.  ECF 45 at 2.

Next, Defendant argue that (1) Plaintiffs' fraud-based claim based on shoe size representation fails to meet the heightened pleading standards of Rule 9(b); and (2) Plaintiffs fail to allege actionable misrepresentations to support their omission claim.  ECF 36 at 6–10.  Plaintiffs argue that Plaintiffs sufficiently plead the "'the who, what, when, where, and how' of the misconduct charged," as required by Rule 9(b).  ECF 42 at 7 (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009)).  Moreover, Plaintiffs argue that their omission claim is actionable because the "pleading standard is lowered on account of the reduced ability in an omission suit 'to specify the time, place, and specific content' relative to a claim involving affirmative misrepresentations."  ECF 42 at 7 (citing *Scherer v. FCA US*, 565 F. Supp. 3d 1184, 1189 (S.D. Cal. 2021)).

#### i. Defendants Have Not Waived Their Arguments With Respect to Plaintiffs' Fraud Claims

Plaintiffs argue that under Rule 12(g) Defendant may not seek dismissal of Plaintiffs' fraud claim based on shoe size representation because the argument was available to Defendant but omitted from its earlier Rule 12 motion.  ECF 42 at 1.  Defendant argues that Plaintiffs amended their allegations about fraud based on shoe size representation such that Defendant could properly address this argument for the first time in this second-filed motion to dismiss.  ECF 45 at 3.

"Rule 12(g)(2) provides that a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6)."  *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017); *See also Vox Network Sols., Inc. v. Gage Techs., Inc.,* No. 22-CV-09135-AMO, 2025 WL 929939, at

*2 (N.D. Cal. Mar. 27, 2025) ("[B]ecause Defendants' . . . arguments are directed at claims that Vox amended, Vox's invocation of Rule 12(g) as to those arguments is misplaced."); *Tremblay v. OpenAI, Inc.*, 742 F. Supp. 3d 1054, 1057–58 (N.D. Cal. 2024) (holding that Rule 12(g)(2) did not bar a motion to dismiss on claims that were not raised in an earlier motion to dismiss because the claims at issue were amended following the earlier motion).

Here, in Plaintiffs' FAC and in their opposition the Defendant's motion to dismiss, Plaintiffs clarify that they no longer base their fraud claims on alleged misrepresentations in advertising, and substantively amended their fraud claims to center on Defendant's size representations of the Products. ECF 42 at 1 ("Plaintiffs withdrew their fraud claims based on advertisements and now assert only omission claims and misrepresentation claims based on size."). They further allege additional factual circumstances that were not present in the original Complaint. *See* FAC ¶ 142, n.3; Ex. A ¶¶ 78, 86, 93, 100. Accordingly, the Court finds that Defendants are permitted to raise arguments to dispute these newly formulated fraud claims reliant entirely on shoe size representations rather than advertisements.

Moreover, the Ninth Circuit has held that even where a district court improperly reviewed arguments that should have been barred by Rule 12(g)(2), there was no reversible error because review of those claims "materially expedited the district court's disposition of the case, which was a benefit to both parties." *In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 320 (9th Cir. 2017), *aff'd sub nom.*, *Apple Inc. v. Pepper*, 587 U.S. 273 (2019). Here, addressing the sufficiency of Plaintiffs' fraud by omission claims regarding the Products' propensity to shrink when exposed to hear is at the center of this litigation and material to the disposition of the case.

Accordingly, the Court finds that Defendant has not waived their arguments regarding Plaintiffs' fraud claim based on shoe size representation.

### ii. The Amended Complaint Fails to Sufficiently Allege Shoe Size Misrepresentation Under Rule 9(b)

Defendant argues that Plaintiffs' fraud claim should be dismissed because Plaintiffs do not provide specific information as to what size representations are at issue and where Plaintiffs saw them. ECF 36 at 6. Plaintiffs argue that they satisfy the heightened pleading standard under Rule

10

1  9(b) because they allege that Crocs (who) represented a certain shoe size (what) on each product
2  and product webpage (where) at purchase, (when) throughout the class period (how) which was
3  misleading because it failed to disclose that they will not remain the advertised size because they
4  shrink or warp in hot environments, including direct sunlight.  ECF 42 at 9; FAC ¶ 41, 142.

5       The pleadings must describe "who, what, when, where, and how" to satisfy Rule 9(b).
6  *Kearns* 567 F.3d at 1124.  However, the Ninth Circuit "does not require absolute particularity or a
7  recital of the evidence."  *United States v. United Healthcare Ins. Co*., 848 F.3d 1161, 1180 (9th
8  Cir. 2016); *see In re Vizio Consumer Priv. Litig*., 238 F.Supp.3d 1204, 1229 (C.D. Cal. 2017).
9  "Rule 9(b) demands that the circumstances constituting the alleged fraud 'be specific enough to
10 give defendant's notice of the particular misconduct . . . so that they can defend against the charge
11 and not just deny that they have done anything wrong."  *See Kearns*, 567 F.3d at 1124.

12      The Court finds that where plaintiffs allege that a specific claim appeared on a Product
13 label or on other specific material, those allegations suffice to show the "what" and "where"
14 elements of Rule 9(b) satisfied.  *See Amin v. Subway Restaurants, Inc.*, No. 21-CV-00498, 2022
15 WL 20184652, at *4 (N.D. Cal. July 7, 2022) (finding the Rule 9(b) pleading standard satisfied
16 where plaintiffs alleged the "what" are misrepresentations and/or omissions by Subway through
17 marketing, labeling, and advertising its tuna salad products as "tuna" and the "where" is Subway's
18 in-store and online menus.)  Here, Plaintiffs have identified "what" statements are at-issue (the
19 size representations) and "where" they are located (on the Products, their labels and webpages in-
20 store and online and the exact store where they bought the Products).  ECF 42 at 10.

21      However, Plaintiffs have not sufficiently plead "how" the size representation is misleading.
22 Plaintiffs do not allege that the shoe size description was incorrect at the time of purchase.  *See*
23 *Valentine v. Crocs, Inc*., No. 22-cv-07463, 2025 WL 1675669, at *6 (N.D. Cal. May 19, 2025)
24 (dismissing similar claim because "Plaintiff provides no evidence that the size description was
25 incorrect at the time of purchase or that it constitutes a promise of size stability in summer
26 temperatures and environments").  Plaintiffs claim that the shoe size is misleading due to Crocs'
27 failure to disclose the potential for shrinkage due to a phenomenon of polymer relaxation and its
28 dependence on temperature.  ECF 42 at 11; ECF 58 at 1.  However, the size representation that

11

Plaintiffs' point to reflects a statement of the Products' size at the time of purchase, and Plaintiffs have not demonstrated that this representation was misleading at the time of purchase. Here, "there is no dispute that the size representation is accurate at the time of purchase" and "Plaintiff does not identify any evidence or caselaw that suggests a size representation constitutes a promise of size stability in summer temperatures and environments." *Valentine*, 2025 WL 1675669, at *6.

Accordingly, the Court finds that Plaintiffs have not met the 9(b) pleading requirement to pursue a claim that the size representation constitutes a fraudulent misrepresentation.

### iii.   Plaintiffs' Omission Claim Does Not Survive Defendant's Motion to Dismiss

Defendants argue that Plaintiffs' omission claim should be dismissed because Plaintiffs have shifted the center of the claim from omissions in connection with Defendant's advertising to omissions in connection with Defendant's shoe size representations, and that Plaintiffs re-focused allegations fail to satisfy the pleading requirements of Rule 9(b). ECF 45 at 7. Plaintiffs argue that they adequately allege their omission claim because Plaintiffs need only "describe the content of the omission and where the omitted information should or could have been revealed." ECF 42 at 8 (citing *Zwerling v. Ford Motor Co.*, No. 5:19-cv-03622, 2024 WL 37220, at *2 (N.D. Cal. Jan. 2, 2024).

"A failure to disclose a fact can constitute actionable fraud or deceit in four circumstances: (1) when the defendant is the Plaintiffs' fiduciary; (2) when the defendant has exclusive knowledge of material facts not known or reasonably accessible to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations that are misleading because some other material fact has not been disclosed." *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 255 (Cal. Ct. App. 2011).

To state a claim based on omission a plaintiff must plead fact showing that Defendant "omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances in which they were made, not misleading." *Michel v. Sumo Logic, Inc.,* 779 F. Supp. 3d 1038, 1051 (N.D. Cal. 2025) "[H]alf-truths—representations that state the truth only so far as it goes, while omitting critical qualifying information—can be actionable misrepresentations." *Id.*

1    As Plaintiffs' note a complaint must contain "sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." ECF 58 at 2 (citing *Nacarino v. Chobani*, LLC, 668 F. Supp. 3d 881, 885 (N.D. Cal. 2022). Plaintiffs' allegation that Defendant has committed fraud by failing to "place any notice or warning on the Products informing consumers of shrinkage upon exposure to hot environments, including direct sunlight, nor . . . instructions to store the Products in a dark, cool space when not in use" hardly places Defendant on notice of the type of warning required. FAC ¶ 67. The Court agrees the that claim in the Amended Complaint that any exposure to hot environments or direct sunlight causes shrinkage does not have adequate factual support, making that allegation implausible under even *Iqbal* and *Twombly*. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Accordingly, the Court finds that Plaintiffs have not sufficiently plead facts to proceed on their fraud by omission claim based on Defendants shoe size representations.

## IV.  CONCLUSION

For the reasons stated above, the Court **GRANTS** Defendant's motion to dismiss Claim One Plaintiffs' express warranty claims with prejudice.

The Court **DENIES** Defendant's motion to dismiss Claim Two Plaintiffs' implied warranty claims regarding design defects in the Products.

The Court **GRANTS** Defendant's motion to dismiss Claims Three through Eight Plaintiffs' fraud-based claims regarding Defendant's shoe size representations without prejudice.

//
//
//

1    Plaintiffs are granted leave to amend their fraud-based claim to provide greater specificity
2 as to the alleged defect in the Product which could mislead consumers about the shoe size
3 representation.
4    Plaintiffs' deadline to amend pleadings is February 24, 2026.
5    IT IS SO ORDERED.
6 Dated: January 15, 2026

_____
TRINA L. THOMPSON
United States District Judge